UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY A. OCAMPO,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 18-cv-04313-JCS<br><br>**ORDER DENYING SECOND "STIPULATION" AND SETTING SCHEDULE**<br><br>**ORDER TO SHOW CAUSE WHY COUNSEL SHOULD NOT BE REFERRED TO THE COURT'S COMMITTEE ON PROFESSIONAL CONDUCT**<br><br>Re: Dkt. Nos. 17, 18, 19 |

Harvey Sackett, counsel for Plaintiff Troy Ocampo, previously filed a document captioned as a "stipulation" but lacking consent from Defendant Nancy Berryhill, Acting Commissioner of Social Security (the "Commissioner"). Dkt. 16. The Court denied the request and issued an order to show cause why the case should not be dismissed for failure to prosecute. Dkt. 17. Sackett thereafter filed a second "stipulation" indicating that defense counsel had consented to its filing. Dkt. 18. Defense counsel filed a response stating that her consent had been conditioned on Sackett including an express commitment to change his practices in the stipulation (which he did not do), that Sackett had not provided the stipulation for her review before he filed it, and that Sackett had repeatedly filed so-captioned "stipulations" in other cases without obtaining consent from attorneys for the Social Security Administration, including in at least one case where Sackett only sought consent after 9:00 PM on the day of filing and filed his "stipulation" immediately after sending that email seeking consent. Dkt. 19.

Defense counsel's response also indicates that Sackett has responded to her in another case in a manner that could fairly be characterized as bullying. After defense counsel correctly noted by email that Sackett had misrepresented to the Court that she consented to an extension, Sackett

acknowledged the error but went on to state, "That said, I've been representing plaintiffs before this district court and others probably longer than you've been on planet Earth, so please do not 'suggest' how I might modify my 'business practices.'" *See Bunn v. Berryhill*, 18-cv-00384-LB, ECF Doc. No. 23-1 (N.D. Cal. Oct. 30, 2018). Sackett then responded to defense counsel's filing by suggesting that defense counsel identifying Sackett's misrepresentation was itself an unwarranted imposition on the Court. *Id.*, ECF Doc. No. 24 (N.D. Cal. Oct. 30, 2018).

The Court adopts the Commissioner's proposed schedule for this action in large part, as modified herein. Ocampo shall submit a settlement proposal to the Commissioner no later than February 26, 2019. The Commissioner shall respond no later than March 19, 2019. The parties shall file a stipulation no later than April 2, 2019, either voluntarily remanding the case or setting a briefing schedule for their cross motions for summary judgment. If the parties need additional time, the Court will grant reasonable extensions upon stipulation or on a motion demonstrating good cause. Any stipulation must be provided in draft to opposing counsel before filing, shall not be filed without opposing counsel's express approval of the specific form of stipulation, and must include the filing attorney's signed attestation of opposing counsel's consent as required by Civil Local Rule 5-1(i)(3). The previous order to show cause regarding Ocampo's failure to meet his filing deadline is DISCHARGED.

Although the Commissioner has not sought sanctions, the record here and in *Bunn* suggests a pattern of conduct inconsistent with professional norms and expectations, if not also with ethical obligations imposed by this Court's rules, the Federal Rules of Civil Procedure, and/or the California State Bar. Sackett is therefore ORDERED TO SHOW CAUSE why he should not be referred to the Court's Standing Committee on Professional Conduct (*see* Civ. L.R. 11-6) with a recommendation that the Committee consider whether to require remedial education regarding professional conduct, but without restriction on the remedy that the Committee might determine is appropriate. Sackett may file a response no later than March 1, 2019.

**IT IS SO ORDERED.**

Dated: February 20, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge

2