UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY A. OCAMPO,<br><br>   Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL,<br><br>   Defendant. | Case No. 18-cv-04313-JCS<br><br>**ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO FILE**<br><br>Re: Dkt. No. 26 |

The answer and administrative record in this case were filed on December 4, 2018. On December 31, 2018—two days before Plaintiff Troy Ocampo's motion for summary judgment was due under Civil Local Rule 16-5—the parties filed a stipulation, which the Court adopted as an order, extending Ocampo's deadline to February 15, 2019 "due to Plaintiff's counsel's upcoming schedule of administrative hearings and district court briefs due." Dkt. 15. On the day of that deadline, Ocampo filed a document captioned as a "stipulation" (but lacking Defendant Nancy Berryhill's consent) seeking to again extend his deadline to March 7, 2019 "due to Plaintiff's counsel's upcoming schedule of administrative hearings and district court briefs due." Dkt. 16. The Court denied that request without prejudice, ordered Ocampo to show cause why the case should not be dismissed, and stated that his counsel should have brought the request as a motion "and—given that this particular request is not based on unforeseeable circumstances—*should have done so well in advance of the deadline he sought to extend.*" Dkt. 17 (emphasis added). In response, Ocampo requested an extension until February 26, 2019 "due to Plaintiff's counsel's upcoming schedule of administrative hearings and district court briefs due." Dkt. 18. The Court instead adopted Defendant's proposal that the parties seek to settle the case and, if unable to do so, file a proposed briefing schedule on April 2, 2019. Dkt. 20.[1] The stipulated

---

[1] The Court also ordered plaintiff's counsel Harvey Sackett to show cause why he should not be referred to the Court's Committee on Professional Conduct for his misuse of purported

briefing schedule filed on that date proposed an April 26, 2019 deadline for Ocampo's motion, which the Court adopted. Dkts. 23, 24.

At 5:33 PM the day before that deadline, Ocampo filed yet another motion for an extension, seeking an additional ten days to file his motion for summary judgment, for a new deadline of May 6, 2019, as purportedly "necessitated by the number of other cases (11) Plaintiff's counsel currently has before this district court and other district courts that also require briefing around this time." Dkt. 25. That motion was rejected by the Clerk for failure to file a proposed order, and Ocampo filed a substantially identical motion for an extension attaching a short proposed order on April 26, 2019, the day that his motion for summary judgment is currently due.

Nearly five months have now passed since the administrative record was filed, and nearly four months since the original deadline for Ocampo's motion. As far as the Court is aware, no unforeseeable barriers to preparing the motion have arisen during that time; plaintiff's counsel has simply taken on more cases than he can manage within the time allotted to do so, and has failed to meet even the deadlines that he himself has proposed. Counsel now once again requests an extension, and once again has waited so long to make the request that the Court effectively cannot deny it without placing his client in violation of a court order and at risk of dismissal. Even waiting the mere four days allowed by rule for Defendant's response to the motion would take the Court and the parties past the deadline that Ocampo seeks to extend.

The motion is **GRANTED IN PART**. Ocampo's motion for summary judgment is due Tuesday, April 30, 2019. If it is not filed by that date, the case will be dismissed for failure to prosecute. Counsel is advised that, absent unforeseeable circumstances necessitating such a request, any future motion brought so close to the deadline that it seeks to extend will be denied in this case and may be denied in other cases.

**IT IS SO ORDERED.**

Dated: April 26, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

---

"stipulations" and for belittling comments directed to defense counsel.

2