United States District Court
Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    T.O.,                                    Case No.  18-cv-04313-JCS
8                        Plaintiff,
                                              **ORDER REGARDING MOTION FOR**
9          v.                                 **ATTORNEYS' FEES**

10   ANDREW SAUL,                             Re: Dkt. No. 35
11                       Defendant.
12
13         Plaintiff T.O. prevailed in this case on summary judgment, and the Court remanded the
14   matter to Defendant the Commissioner of Social Security for further administrative proceedings
15   on T.O.'s application for disability benefits.  On remand, the Commissioner found that T.O. was
16   disabled and entitled to $102,848.00 in past-due benefits.  The Court previously granted a
17   stipulation to award T.O. $4,775.66 in attorneys' fees under the Equal Access to Justice Act
18   ("EAJA").  At the outset of the case, T.O. signed an agreement that his attorney would be entitled
19   to "a fee no greater than 25% of the past-due benefits owed to [him]" if he prevailed in a judicial
20   action.  *See* dkt. 35-3.  T.O.'s counsel Harvey Sackett now seeks attorneys' fees of $22,000 under
21   42 U.S.C. § 406(b) and the fee agreement, and has agreed to refund the previous EAJA award to
22   T.O.
23         "Whenever a court renders a judgment favorable to a claimant under this subchapter who
24   was represented before the court by an attorney, the court may determine and allow as part of its
25   judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the
26   past-due benefits to which the claimant is entitled by reason of such judgment, and the
27   Commissioner of Social Security may . . . certify the amount of such fee for payment to such
28   attorney out of, and not in addition to, the amount of such past-due benefits."  42 U.S.C. § 406(b).

United States District Court
Northern District of California

1   Courts must "review for reasonableness" fees sought under this statute, and may reduce an award

2   of fees below the statutory ceiling based on factors including "the character of the representation,"

3   "the results the representative achieved," an attorney's responsibility for delay (which must be

4   addressed "so that the attorney will not profit from the accumulation of benefits during the

5   pendency of the case in court"), and whether the "benefits are large in comparison to the amount

6   of time counsel spent on the case" (which "may require the claimant's attorney to submit . . . a

7   record of the hours spent representing the claimant and a statement of the lawyer's normal hourly

8   billing charge for noncontingent-fee cases"). *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09

9   (2002); *see also Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) ("The court may

10  properly reduce the fee for substandard performance, delay, or benefits that are not in proportion

11  to the time spent on the case."). In conducting that inquiry, courts must "respect the 'primacy of

12  lawful attorney-client fee agreements.'" *Crawford*, 586 F.3d at 1150 (quoting *Gisbrecht*, 535 U.S.

13  at 1150).

14       This case involved a series of delays and contentious filings, largely resulting from T.O.'s

15  counsel's inability to follow basic procedures for requesting extensions of time and his unjustified

16  hostility towards defense counsel—as is well documented in the record during the period from

17  December 31, 2018 through April 26, 2019, and need not be recounted in detail here. Counsel's

18  conduct during that time fell below the standard of professionalism this Court expects, and caused

19  additional past-due benefits to accrue during litigation. Such conduct warrants some reduction

20  from the statutory maximum fee award, notwithstanding the fee agreement. On the other hand, the

21  quality of T.O.'s counsel's motion for summary judgment[1] was adequate, and he ultimately

22  obtained a successful result for his client. Some compensation is certainly warranted.

23       Counsel's fee request of $22,000 is somewhat less than the twenty-five percent maximum

24  set by statute and by T.O.'s fee agreement, which would be $25,712. The Commissioner notes in

25  her response (dkt. 36) that counsel's $22,000 fee request amounts to an hourly rate of $993.23 per

26  hour. Plaintiff's counsel did not file a reply disputing that figure. Under the circumstances of the

27

28  _____

[1] Plaintiff did not file a reply brief on the merits, or on his present motion for fees.

case, despite the fee agreement and the contingent nature of the representation, that total fee award and effective hourly rate would constitute an unreasonable windfall.  The Court finds that fees no greater than two-thirds of the statutory maximum are warranted, coming to $17,141.33 and still representing a rate of slightly under $775 per hour.

Counsel's motion is therefore GRANTED IN PART, and the Commissioner is ORDERED to pay fees in the amount of $17,141.33 to Plaintiff's counsel Sackett, and to remit the remaining past-due benefits that have been withheld to Plaintiff T.O.  Sackett is ORDERED to refund the previous award of fees under the EAJA to T.O.[2]

**IT IS SO ORDERED.**

Dated: March 2, 2022

JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

---

[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

3